IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30026

Summary Calendar
_____


TERESA N GEORGE

                              Plaintiff - Appellant

v.

THE HOME DEPOT INCORPORATED

                              Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 00-CV-2616-C

September 27, 2002

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Teresa George appeals the district

court's grant of summary judgment in favor of Defendant-Appellee

The Home Depot Inc. on its defense to her claim of religious

discrimination.  George also appeals the denial of her motion for

summary judgment on her religious discrimination claim.  For the

following reasons, we AFFIRM.

_____

     [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

## I.   FACTUAL AND PROCEDURAL HISTORY

Teresa George ("George") was employed by The Home Depot, Inc. ("Home Depot") off and on from October 1996 to August 1999. She worked at a Home Depot in Atlanta, Georgia, then moved to New Orleans and began work at the Harahan, Louisiana store.  George started at the Harahan store as a cashier and then became a greeter in the kitchen and bath department.

George was the only greeter in the kitchen and bath department.  The function of the greeter was to greet customers visiting the department, to suggest the customers meet with designers, and to schedule appointments with designers.  The designers in the department would then meet with customers individually to discuss their home improvement projects.

George is a devout Catholic.  She attends mass daily and frequently participates in prayer vigils and religious service. In August or September of 1997, George determined that her religious beliefs preclude her from working at all on Sundays.

George's job at Home Depot required that she often work on Sundays.[1]  The Harahan store was open twenty-four hours a day, seven days a week, and it was particularly busy on weekends.

---

[1]     George held a variety of positions at Home Depot, some of which required her to work on Sundays.  At the Atlanta store, George worked  as a greeter in the kitchen cabinet department, which required Sunday work, then became a project manager in the paint department, which apparently did not.  At the Harahan store, George worked as a cashier and a greeter; both positions required her to work on Sundays.

George testifies that she told managers at Home Depot on several occasions that she could not work on Sundays. She says that she told Brian Starkes and Les Strieb, her direct supervisors at the Atlanta and Harahan stores, as well as Harahan store co-manager Dave Emmel, assistant store manager Steve Burns, and kitchen and bath department manager Gregory Braxton. Home Depot contends George agreed to work Sundays as part of her transfer to the kitchen and bath department. Further, Starkes and Burns specifically dispute George's claim that she told them she could not work on Sundays, and Bordelon states that the first time she learned George could not work on Sundays due to her religious beliefs was on George's last day.

Prior to the change in her beliefs in August 1997, George did work at Home Depot on Sundays. After August 1997, George did work on some Sundays. George contends that she only worked Sundays as a cashier on an emergency basis. George did not work on any Sundays after her transfer to the kitchen and bath department. She was not scheduled to work on Sundays for her first several weeks as a greeter. After she was scheduled on Sundays, George took one Sunday off to go out of town, then called in sick the next Sunday.

George's employment at Home Depot ended on August 7, 1999. On that day, George decided to work Saturday instead of Sunday because of her beliefs. Store co-manager Sharon Bordelon met

with George to discuss her refusal to work Sundays.  Bordelon suggested that George work before or after attending mass on Sundays.  George replied that she could not work on Sundays at all.  George claims that Bordelon then terminated her employment; Home Depot contends that George resigned.

George filed suit in federal district court, alleging that her discharge by Home Depot violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(j) (2000), and the Louisiana Employment Discrimination Law, LA. REV. STAT. ANN. § 23:301-314, :332-333 (West 1998).  On cross-motions for summary judgment, the district court denied George's motion for summary judgment on her claim of religious discrimination.  The district court found genuine issues of material fact as to whether George had a bona fide religious belief, whether she informed Home Depot of that belief, and whether she was discharged because she failed to comply with an employment requirement conflicting with the belief.  The district court then granted Home Depot's motion for summary judgment, finding no genuine issue of material fact as to Home Depot's defenses.  The court determined that Home Depot offered George a reasonable accommodation and, in the alternative, that accommodation would subject Home Depot to undue hardship.[2]  George appeals the denial of her motion for summary

_____

[2]     The amici argue that the district court should not have addressed whether any accommodation would impose an undue hardship because it found that Home Depot provided a reasonable

judgment and the grant of Home Depot's motion for summary judgment.

## II.   STANDARD OF REVIEW

This court reviews a grant or denial of summary judgment de novo, applying the same standards as the district court.  Daniels v. City of Arlington, 246 F.3d 500, 502 (5th Cir.), cert. denied, 122 S. Ct. 347 (2001).  Summary judgment should be granted if there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law.  See FED. R. CIV. P. 56(c).

In determining if there is a genuine issue of material fact, the court reviews the evidence in the light most favorable to the non-moving party.  Daniels, 246 F.3d at 502.  The court gives weight to evidence favoring the non-moving party and evidence supporting the moving party that is uncontradicted and unimpeached.  See Daniels, 246 F.3d at 502; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).

## III.   DISCUSSION

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating on the basis of religion.  See 42

---

accommodation.  The two arguments made by Home Depot are alternative defenses in a Title VII religious discrimination action.  See Bruff v. N. Miss. Health Svcs., Inc., 244 F.3d 495, 499-500 (5th Cir.), cert. denied, 122 S. Ct. 348 (2001).  Thus, the amici's contention is without merit.

U.S.C. § 2000e(j) (2000).  The Louisiana Employment Discrimination Law parallels Title VII.  See LA. REV. STAT. ANN. § 23:301-314, :332-333 (West 1998).  Since the Louisiana employment discrimination statute is substantively similar to Title VII, Louisiana courts routinely interpret the Louisiana statute using federal law.  See, e.g., Nichols v. Lewis Grocer, 138 F.3d 563, 566 (5th Cir. 1998); Hicks v. Cent. La. Elec. Co., 712 So. 2d 656, 658 (La. Ct. App. 1998).

A.   George's Motion for Summary Judgment

To establish a prima facie case of religious discrimination, George must show that: (1) she has a bona fide religious belief that conflicted with an employment requirement; (2) the employer was informed of that belief; and (3) she was discharged for failing to comply with the conflicting employment requirement. Daniels, 246 F.3d at 506; Bruff v. N. Miss. Health Svcs., Inc., 244 F.3d 495, 499 n.9 (5th Cir.), cert. denied, 122 S. Ct. 348 (2001).  In this case, Home Depot has demonstrated a genuine issue of material fact on each of the three elements.

There is a genuine issue of material fact as to whether George has a bona fide religious belief that precludes her from working on Sundays.  George has testified that she believes being a devout Catholic means that she cannot work on Sunday.  George has also provided testimony of two Catholic priests to this effect.  Home Depot disputes that George's belief is bona fide,

citing her decision to work on some Sundays and testimony that some Catholics do not believe they cannot work on Sundays. Home Depot also cites evidence that George's belief arose in response to her learning of a lawsuit between Home Depot and another individual whose religious belief precluded him from working on Sundays.

There is also a genuine factual issue as to whether George informed Home Depot of her religious belief. George testifies that she told store co-manager Emmel that she could not work on Sundays when she began her employment at the Harahan store. After her transfer to the kitchen and bath department, George contends that she told her immediate supervisor, the kitchen and bath department manager, and the assistant store manager that she could not work on Sundays. Home Depot contends that it first learned of George's religious belief during George's meeting with Bordelon on August 7, 1999. In support, Home Depot cites several employees' denials that George told them of her beliefs and evidence that George agreed to work Sundays as part of her transfer to the kitchen and bath department.

Finally, there is a genuine issue of material fact as to whether George was discharged because of her failure to work on Sundays. As a result of the August 7 meeting, George contends that Bordelon terminated her employment; Home Depot contends that George resigned.

Thus, the district court properly denied George's motion for summary judgment.

B.   Home Depot's Motion for Summary Judgment

Home Depot argues that summary judgment in its favor is appropriate because even if George makes out her prima facie case, there is no genuine issue of material fact as to its defenses.  Home Depot will have a valid defense if it shows either: (1) that it offered George a reasonable accommodation or (2) that accommodating George's beliefs would subject Home Depot to undue hardship.  Bruff, 244 F.3d at 500; see also 42 U.S.C. § 2000e(j) (2000) (providing a defense if an "employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business").  Home Depot has shown that accommodating George's request would present an undue hardship; George has not provided sufficient evidence in rebuttal to create a genuine factual dispute on this issue.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (noting that a genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party); see also FED. R. CIV. P. 56(e) (non-moving party must come forward with "specific facts showing that there is a genuine issue for trial").  Because we affirm the district court's judgment on the grounds that

accommodation would result in an undue hardship, we need not address whether Home Depot offered George a reasonable accommodation.

An undue hardship exists when an employer incurs anything more than a de minimus cost to accommodate an employee's beliefs. Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 84 (1977); see also Bruff, 244 F.3d at 500. While the determination of what constitutes an undue hardship is case-specific, numerous cases provide guidance. In Hardison, for example, the Supreme Court held that requiring an employer to accommodate an employee's request not to work on his Sabbath constituted an undue burden because it would either leave the employer short-staffed on weekends or require it to hire additional employees to fill in. See 432 U.S. at 84-85. The Hardison Court noted that even if accommodating one employee would not be a significant burden, the likelihood that other employees would request similar accommodation could result in undue hardship. See id. at 84 n.15.

The Fifth Circuit has similarly found that a religious accommodation that requires other employees to take on additional duties or change their schedules presents an undue hardship. See, e.g., Bruff, 244 F.3d at 501 (finding that accommodation would result in undue hardship because it would require other employees to assume a disproportionate workload); Weber v.

Roadway Express, Inc., 199 F.3d 270, 274 (5th Cir. 2000) ("The mere possibility of an adverse impact on co-workers . . . is sufficient to constitute an undue hardship."); Eversley v. MBank Dallas, 843 F.2d 172, 176 (5th Cir. 1988) (determining it would be an undue hardship on an employer to require employees to switch shifts).  The Fifth Circuit has further noted that an employer need not actually incur costs before claiming that an accommodation would result in costs that are more than de minimus.  Bruff, 244 F.3d at 501.

Home Depot presents ample evidence that allowing George every Sunday off would result in an undue hardship.  The kitchen and bath department was particularly busy on weekends and the greeter position was specifically created to provide more customer contact and take pressure off the designers during peak times.  George was the only greeter in that department.  Accommodating George would require Home Depot to either do without a greeter on Sundays or hire an additional employee to fill George's position on Sundays; both options would impose an undue hardship on Home Depot.  See Hardison, 432 U.S. at 84-85 (finding that the options of either leaving TWA short-staffed or requiring TWA to hire additional employees both presented an undue hardship).  Not having a greeter during peak times would place additional burdens on the designers, hampering their efficiency.  See Howard v. Haverty Furniture Cos., 615 F.2d 203,

206 (5th Cir. 1980) (requiring other employees to perform plaintiff's job was an undue hardship). Finally, Home Depot notes that many other employees in its large workforce could request similar accommodation, thus amplifying the hardship that accommodating George would impose on it. This argument parallels the concern in Hardison, where the Court found that the likelihood that TWA would have to give other employees Saturdays or Sundays off for religious observance if it accommodated Hardison added to TWA's hardship. See Hardison, 432 U.S. at 84 n.15.

George contends that the kitchen and bath department could function without a greeter on Sundays, as it did before the Harahan Home Depot created the greeter position. George suggests that she did not need to work Sundays because other employees at the Harahan store did not work Sundays. Home Depot provided evidence that the greeter position was created to ensure customer contact at peak times, which included weekends. Home Depot's evidence that having a greeter on weekends is important to its business is sufficient to show that going without a greeter would constitute an undue hardship. See Brener v. Diagnostic Ctr. Hosp., 671 F.2d 141, 146 (5th Cir. 1982) (rejecting a pharmacist's suggestion that a hospital could do without him on Saturdays without facing an undue hardship).

George also suggests that another employee might be able to

work in her place on weekends.  George claims that some of the designers could function as greeters on Sundays.  Home Depot contends that the greeter position was created to free designers to consult with customers on their projects; not having a greeter on Sundays would thwart the purpose of the position.  Further, requiring the designers to take on additional duties demonstrates an undue burden.  See Bruff, 244 F.3d at 501 (requiring another employee "to assume a disproportionate workload [to accommodate the plaintiff] . . . is an undue hardship as a matter of law").  Finally, George has not shown that any employees other than the designers could or would have traded shifts to fill her position on Sundays.  Even viewing the evidence in the light most favorable to her, George has not created a genuine issue of material fact suggesting that Home Depot could accommodate her request without incurring significant costs.

Thus, the district court properly granted summary judgment in favor of Home Depot on its claim of undue hardship.

## IV.   CONCLUSION

For the foregoing reasons, the district court's grant of Defendant's motion for summary judgment and its denial of Plaintiff's motion for summary judgment are AFFIRMED.